PEOPLE v JOHNSON

Docket No. 101762. Submitted October 17, 1988, at Detroit. Decided
January 3, 1989.

Norrell Charles Johnson was arrested following a high speed
chase involving his vehicle and a police vehicle in the City of
Detroit. During the course of the chase another vehicle had to
take evasive action in order to avoid a collision with the
Johnson vehicle. As a result of the taking of that evasive
action, the other vehicle struck an elderly pedestrian, severely
injuring him. Johnson was charged with felonious driving in
Detroit Recorder's Court and, following a jury trial, was con-
victed and sentenced, Lawrence D. Silverman, J. Defendant
appealed.

The Court of Appeals *held:*

1. The trial court did not abuse its discretion in denying
defendant's motion for a jury view of his automobile.

2. The court did not err in allowing the jury to hear a
discussion about a threatening letter allegedly written by de-
fendant and sent to some of the witnesses. The possibility that
a threatening letter was sent to the witnesses was relevant in
evaluating their testimony.

3. Defendant was not denied the effective assistance of coun-
sel by virtue of his attorney's asking a witness if the witness
had had an opportunity to testify at a parole hearing for
defendant. The prosecutor objected, and the question was not
answered.

4. Comments made by the court to a witness outside the
presence of the jury and the subsequent reading of those
comments to the jury did not prejudice defendant by projecting
an appearance of judicial partiality in favor of the prosecution.
Defendant was not deprived of a fair trial by the reading of the
comments.

5. The trial court did not err in denying defendant's motion

REFERENCES

Am Jur 2d, Appeal and Error §§ 623.5, 798, 849; Automobiles and
Highway Traffic §§ 312 *et seq.*; Judges §§ 166 *et seq.*; Witnesses
§§ 547 *et seq.*

What amounts to reckless driving of motor vehicle within statute
making such a criminal offense. 52 ALR2d 1337.

for a directed verdict. A rational trier of fact could have found the essential elements of the crime were proven beyond a reasonable doubt.

6. Defendant's claim of error challenging the jury instructions is baseless. The instructions fairly presented the issues to be tried and successfully protected defendant's rights.

Affirmed.

1. EVIDENCE — APPEAL.

The admissibility of evidence rests within the discretion of the trial judge and the exercise of that discretion will not be overturned on appeal unless there has been a clear abuse of discretion.

2. WITNESSES — INTEREST OR BIAS — CREDIBILITY.

The interest or bias of a witness or his relationship toward the parties to an action is a proper factor to consider on the issue of credibility.

3. CRIMINAL LAW — APPEAL — ASSISTANCE OF COUNSEL.

A motion for a new trial or an evidentiary hearing is generally a prerequisite to appellate review of a claim of ineffective assistance of counsel; nevertheless, review may be granted where the appellate record contains sufficient detail to support the defendant's position even though he has failed to move for a new trial or an evidentiary hearing; under these circumstances, review is limited to the record.

4. TRIAL — JUDGES — JUDICIAL COMMENT.

A judge pierces the veil of judicial impartiality so as to require reversal when his comments are of such a nature as to unduly influence the jury and thereby deprive the defendant of his right to a fair trial.

5. APPEAL — DIRECTED VERDICT.

The Court of Appeals in reviewing a claim for the denial of a directed verdict motion views the evidence in a light most favorable to the prosecution and determines whether a rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt.

6. CRIMINAL LAW — AUTOMOBILES — FELONIOUS DRIVING.

The prosecution in a felonious driving trial need show only that the defendant was driving recklessly or in a grossly negligent manner and caused an accident which resulted in injury to another; it is not necessary to establish that the defendant himself actually injured the injured party (MCL 752.191; MSA 28.661).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of the Criminal Division, Research, Training and Appeals, and *Mary Sue Czarnecki,* Assistant Prosecuting Attorney, for the people.

*Frank Singer,* for defendant on appeal.

Before: SULLIVAN, P.J., and MURPHY and M. WARSHAWSKY,* JJ.

PER CURIAM. Following a jury trial, defendant was convicted of felonious driving, MCL 752.191; MSA 28.661, and sentenced to a sixteen- to twenty-four-month prison term. Defendant now appeals as of right and we affirm.

On August 27, 1986, at approximately 3:00 P.M., Detroit Police Officer Raymond Chesney saw a maroon-colored Lincoln disregard a red traffic light. The officer turned on his flashing lights and the driver of the Lincoln appeared to slow down. Officer Chesney then made direct eye contact with the driver of the Lincoln. The officer then made a u-turn in order to travel in the same direction as the Lincoln. He believed the driver of the Lincoln was trying to get out of traffic and pull over into a nearby restaurant parking lot. The officer followed the Lincoln into the parking lot, but the Lincoln did not stop; instead, the vehicle left the parking lot and accelerated at a high rate of speed. The officer then turned on his siren and gave chase. He observed the Lincoln turn left, go into a slide, and go over a curb and stop. The officer tried to prevent the driver, defendant, from escaping by putting the bumper of the scout car next to the driver's side door. The officer and the driver again

---

* Circuit judge, sitting on the Court of Appeals by assignment.

made eye contact and at that instant the driver accelerated and drove away.

The officer saw the numbers on the license plate as being 263, and thought that one of the letters was possibly an "x." He also saw some form of substance on the ground and assumed it was leaking from underneath defendant's vehicle.

Officer Chesney never lost sight of the vehicle and again gave chase. Defendant drove the Lincoln at a high rate of speed and disregarded the stop signs at an intersection. Officer Chesney saw a second vehicle, an Oldsmobile, approach the intersection and make a hard right turn to avoid a collision with the Lincoln. The officer saw an elderly man crossing the boulevard and then he saw the Oldsmobile strike the man. Officer Chesney believed the Lincoln and the Oldsmobile collided, but others testified that the vehicles did not collide and the physical evidence supported this later conclusion.

The pedestrian, Chauncey Johnson, was seriously injured in the accident and can no longer walk or talk and has not returned home since the accident.

Defendant presented an alibi defense. Defendant's expert on auto mechanics testified that when he inspected the Lincoln on April 27 and 29, 1987, the vehicle was inoperable but he could not state whether it was operable on August 27, 1986, the date of the accident. He further testified that he did not see any damage to the underside of the vehicle nor did he notice any mechanical problem which would cause fluid to leak on the ground as Officer Chesney had testified.

Defendant testified on his own behalf and stated that his car was inoperable on August 27, 1986. Defendant now raises five issues on appeal, none of which requires reversal.

Defendant first contends that the trial court abused its discretion in denying his motion for a jury view of his automobile. We disagree.

The admissibility of evidence rests within the discretion of the trial judge and the exercise of that discretion will not be overturned on appeal unless there has been a clear abuse of that discretion. *People v Duff,* 165 Mich App 530, 540; 419 NW2d 600 (1987). The lower court in denying defendant's motion explained that a jury view of defendant's car would do nothing to aid them in determining whether the car was involved in an accident months earlier. There was testimony elicited that defendant's car did not actually collide with the Oldsmobile or strike the elderly pedestrian. We can in no way conclude that the lower court abused its discretion in denying defendant's motion.

Defendant next contends that the trial court abused its discretion in admitting evidence in a highly prejudicial and threatening letter reportedly written by defendant to some of the witnesses. First, this letter was not admitted into evidence. Second, the trial court cautioned the jury that the discussion about the letter could only be used to assess its effect on those with knowledge of its contents. Third, the interest or bias of a witness or his relationship toward the parties to an action is a proper factor to consider on the issue of credibility. *People v Meier,* 47 Mich App 179, 196; 209 NW2d 311 (1973). The record in this case establishes the reluctance of every passenger in defendant's car to indicate defendant was the driver. Therefore, the possibility that a threatening letter was sent to the witnesses was relevant in evaluating their testimony. We find no error on this issue.

Defendant's next claim of error is that he was

denied the effective assistance of counsel when his attorney asked a question of a witness which indicated that defendant had had a prior criminal record. We disagree.

Specifically, defendant claims the following question by his attorney exposed the fact that defendant had a criminal record for a previous felony:

> Officer Chesney, did you have an opportunity to testify at a parole hearing?

The trial court sustained the prosecutor's objection and the question was not answered. First, we note that the issue of ineffective assistance of counsel should be raised by a motion for a new trial or an evidentiary hearing. *People v Ginther,* 390 Mich 436, 443; 212 NW2d 922 (1973). Failure to so move usually forecloses appellate review. *People v Lawson,* 124 Mich App 371, 373; 335 NW2d 43 (1983). However, review may be granted where the appellate record contains sufficient detail to support defendant's position, but such review is limited to the record. *People v Kenneth Johnson,* 144 Mich App 125, 129-130; 373 NW2d 263 (1985).

Defendant failed to move for a new trial or an evidentiary hearing. Therefore, our review is limited to the existing record, and we discern no deficiency of counsel amounting to ineffective assistance under either test employed by this Court. See *People v Garcia,* 398 Mich 250, 265; 247 NW2d 547 (1976); *Strickland v Washington,* 466 US 668; 104 S Ct 2052; 80 L Ed 2d 674 (1984); *People v Dalessandro,* 165 Mich App 569; 419 NW2d 609 (1988).

Defendant next contends that the trial judge invaded the prosecutorial role to the extent of piercing the veil of judicial impartiality. This was allegedly done by the court's comments to a wit-

ness outside the presence of the jury and the subsequent reading of those comments to the jury, which prejudiced defendant by projecting an appearance of judicial partiality in favor of the prosecution and thereby depriving defendant of a fair trial.

A judge pierces the veil of judicial impartiality so as to require reversal when his comments are of such a nature as to unduly influence the jury and thereby deprive the defendant of his right to a fair trial. *People v Dalton,* 155 Mich App 591, 600; 400 NW2d 689 (1986).

Defendant argues that the court failed to show anger when the challenged discussion was read back to the jury, noting that the court expressed anger when speaking with a reluctant witness. We conclude that this alleged error did not deprive defendant of his right to a fair trial.

Defendant's next contention is that the trial court erred in denying his motion for a directed verdict since there was allegedly insufficient evidence to find that defendant injured the pedestrian.

In reviewing a claim for the denial of a directed verdict motion, this Court views the evidence in a light most favorable to the prosecution and determines whether a rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable double. *People v Hampton,* 407 Mich 354, 368; 285 NW2d 284 (1979), cert den 449 US 885; 101 S Ct 239; 66 L Ed 2d 110 (1980); *People v Reinhardt,* 167 Mich App 584, 597-598; 423 NW2d 275 (1988).

The felonious driving statute, MCL 752.191; MSA 28.661, in pertinent part provides:

> Every person who drives any vehicle upon a highway carelessly and heedlessly in wilful and

> wanton disregard of the rights or safety of others,
> or without due caution and circumspection and at
> a speed or in a manner so as to endanger or be
> likely to endanger any person or property and
> *thereby injuring* so as to cripple any person, but
> not causing death, shall be guilty of the offense of
> felonious driving. [Emphasis added.]

This Court in *People v Marshall,* 74 Mich App
523, 526; 255 NW2d 351 (1977), held that felonious
driving is the reckless or negligent driving of a
vehicle upon a highway resulting in crippling
injury. This Court then in *People v Chatterton,*
102 Mich App 248, 250; 301 NW2d 490 (1980), aff'd
411 Mich 867 (1981), held that something more
than ordinary negligence was required to convict
for felonious driving.

In his motion for a directed verdict, defendant
conceded there was sufficient evidence to establish
that the driver of the Lincoln drove recklessly and
that a crippling injury existed. However, defen-
dant argues that, since the statutory language is
"thereby injuring," the statute requires the prose-
cution not to merely show causation, but to prove
defendant injured the pedestrian. Since the facts
established that another vehicle struck the pedes-
trian, defendant contends that it was not he who
injured the pedestrian.

Criminal statutes are strictly construed. The
court should ascertain and give effect to the intent
of the Legislature. *People v Crousore,* 159 Mich
App 304, 310; 406 NW2d 280 (1987). Terms are
construed by means of ordinary usage and com-
mon sense; dictionary definitions are appropriate
aids in interpreting a statute. *Id.* at 310-311.
Black's Law Dictionary (5th ed) defines "thereby"
as "by that means" or "in consequence of that."

In *Marshall, supra,* the Court held a crippling
injury must result from the defendant's reckless

driving. Then Judge CAVANAGH's dissent in *Marshall* was cited with approval in *Chatterton, supra.* Judge CAVANAGH's dissent sets forth the legislative history of the felonious driving statute and concludes that the issue for sufficiency of evidence purposes is whether the defendant is guilty of reckless or grossly negligent driving which *caused* a crippling injury. *Id.* at 531.

The trial court denied defendant's motion for a directed verdict by stating:

> The statute which uses the two words "thereby injuring," certainly cannot be intended to preclude a conviction of an individual who never gets into contact with the injured person. To interpret that as being the legislative intent would be an absurd interpretation.
>
> In this Court's mind there is no legislature that would intend that because we can think of a myriad of situations where individuals can sustain crippling injuries in the vehicle in question, the driver in question never touches any other vehicle.
>
> But, the person can be driving grossly negligent in any given situation causing two other vehicles to collide. Because one takes evasive action and as a result of that, lies [sic] with the second.
>
> In this particular situation the evidence tends to show that another vehicle was taking whatever evasive action was available and collided with a pedestrian. A pretty similar type of situation. That wouldn't be in the legislature's intent. If the legislature intended that, they would have put it within the statute, the words "and that person's vehicle was" or words to that effect, struck the person that was injured. That would be an absurd interpretation, as far as causing an accident.
>
> Certainly, if the jury finds that the defendant was operating the motor vehicle in question, and if the jury further finds that the defendant was driving in a grossly negligent manner, then it certainly would be for them to consider whether

the grossly negligent driving of the defendant was the cause of the accident and the injury to Chauncey Johnson.

And whatever contentions are made by the defense—in this respect by the jury in passing upon that issue, may consider the actions of Eric Glover, the third party.

We agree with the reasoning employed by the lower court and believe that a rational trier of fact could have found the essential elements of the crime were proven beyond a reasonable doubt. The prosecution was only required to show that defendant caused the accident which resulted in the injury and was not required to establish, as defendant contends, that defendant actually injured the pedestrian.

Finally, defendant's last claim of error challenging the jury instructions is baseless. Defendant has cited no authority for the proposition that causation is not an element of felonious driving. The instructions fairly presented the issues to be tried and successfully protected defendant's rights. See, e.g., *People v Burgess,* 153 Mich 715, 726; 396 NW2d 814 (1986).

Affirmed.