PEOPLE v DOWNEY
PEOPLE v POINTER
PEOPLE v FREEMAN
PEOPLE v MARKS
PEOPLE v LUNA
PEOPLE v THOMAS

Docket No. 114734, 114735, 114738, 114739, 114740, 114741, 115676, 117495. Submitted November 21, 1989, at Detroit. Decided April 16, 1990. Leave to appeal applied for.

Virginia Downey, Rondale Pointer, Trevor Freeman, Evelyn J. Marks, Earl C. Luna and Marcellus Thomas were charged with either delivery or possession with intent to deliver cocaine. Each defendant was convicted on his or her plea of guilty in Recorder's Court of Detroit, Dominick R. Carnovale, J. Each defendant was thereafter sentenced by Judge Carnovale to a prison term with a minimum sentence less than the statutory minimum sentence pursuant to the statutory provision which permits a judge to impose a lesser sentence where there are "substantial and compelling reasons to do so." The prosecution appealed each of those sentences. Freeman cross appealed and Pointer and Thomas filed separate appeals, raising the question of the sufficiency of the factual bases for their respective pleas. The appeals were consolidated for appellate review.

The Court of Appeals *held:*

1. A prosecutor may appeal as of right the question of the legal propriety of the sentence imposed on a criminal defendant.

2. The trial court clearly expressed the belief that it had broad discretion to depart from the statutory minimum sentences. While the Legislature has empowered sentencing courts to depart from the statutory minimum sentences for "substantial and compelling reasons," the scope of the discretion to depart from the statutory minimum is necessarily limited. The

REFERENCES
Am Jur 2d, Appeal and Error § 268; Criminal Law §§ 541, 583, 589.
See the Index to Annotations under Sentence and Punishment.

statutory minimum sentence is presumptively a valid and appropriate sentence and should be departed from only in exceptional cases where there are present objective and verifiable factors relating to the rehabilitative potential of the individual defendants which compel departure from the statutory minimum.

3. A valid basis to depart from the statutory minimum sentences of defendants Downey, Luna and Pointer was not established; accordingly, the sentences of those individuals are reversed and the sentencing court is directed to impose a minimum sentence of no less than the statutory minimum.

4. While with respect to defendants Freeman and Thomas there were factors which would justify departure from the statutory minimum sentence, it is unclear whether the reduced minimum sentences would have been imposed if the sentencing court had been aware of its limited discretion to depart from the statutory sentence; accordingly, those sentences are reversed and the sentencing court is directed to resentence Freeman and Thomas.

5. The minimum sentence imposed on defendant Marks was appropriate under the circumstances.

6. Sufficient factual bases to support the guilty pleas of Pointer, Freeman and Thomas were established.

Affirmed in part and reversed in part.

1. CRIMINAL LAW — APPEAL — SENTENCING.

The prosecution may appeal the sentence of a convicted criminal defendant as of right (MCL 770.12; MSA 28.1109).

2. CONTROLLED SUBSTANCES — SENTENCING — MANDATORY SENTENCES — JUDICIAL DISCRETION.

The discretion of a trial court to depart from the mandatory minimum sentence set for controlled substance offenses is limited; the mandatory minimum sentence is a legislative expression of an appropriate sentence to discipline the wrongdoer, protect society and deter others and is thus presumptively valid; the substantial and compelling reasons required by the statute before imposing a sentence less than the statutory minimum refer to objective and verifiable reasons and do not include, in the absence of exceptional circumstances, subjective factors; included among the factors which may be considered by the trial judge in determining whether there are substantial and compelling reasons to depart from the statutory minimum sentence are facts which mitigate defendant's culpability, defendant's prior criminal record, defendant's age and defendant's work history (MCL 333.7401[4]; MSA 14.15[7401][4]).

3. CRIMINAL LAW — GUILTY PLEAS — FACTUAL BASIS FOR PLEA.
   A factual basis for a guilty plea is sufficient if an inculpatory
   inference can be drawn from what the defendant has admitted.

*Frank J. Kelley,* Attorney General, *John D. O'Hair,* Prosecuting Attorney, *George E. Ward,* Chief Assistant Prosecutor, and *Timothy A. Baughman,* Chief, Research, Training and Appeals, for the people.

*Carl Ziemba,* for defendants Downey, Freeman and Thomas.

*Donald C. Cook,* for defendant Pointer.

*Eileen R. Scheff,* for defendant Luna.

*John L. Belanger,* for defendant Marks.

Before: WAHLS, P.J., and GRIBBS and SHEPHERD, JJ.

SHEPHERD, J. The people appeal from the sentences imposed upon each of the defendants. Also consolidated with those appeals are challenges by defendants Thomas, Freeman and Pointer to the factual bases of their guilty pleas. All of the defendants involved in these appeals pled guilty to violating the controlled substances laws contained in MCL 333.7401(2)(a)(ii)-(iv); MSA 14.15(7401)(2)(a) (ii)-(iv). All of the defendants were sentenced to terms of imprisonment which fell below the mandatory minimum set by the above cited statute.

As a threshold matter we find that the prosecutor does have the authority to appeal as of right the sentence of a criminal defendant. MCL 770.12; MSA 28.1109, as amended by 1988 PA 66, provides:

   (1) The people of this state may take an appeal of right in a criminal case, if the protection

against double jeopardy under section 15 of article I of the state constitution of 1963 and amendment V of the constitution of the United States would not bar further proceedings against the defendant, from either of the following:

(a) A final judgment or final order of the circuit court or recorder's court, except a judgment or order of the circuit court or recorder's court on appeal from any other court.

(b) A final judgment or order of a court or tribunal from which appeal of right has been established by law.

This Court recently held that a prosecutor's appeal from a sentence does not present double jeopardy problems and that MCL 770.12; MSA 28.1109 allows for appeals as of right from sentences. *People v Reynolds,* 181 Mich App 185; 448 NW2d 774 (1989). We agree with the *Reynolds* decision and, accordingly, find that the prosecutor's appeals as of right from the sentences involved in this case are properly before the Court.

The prosecutor challenges the defendants' sentences on the basis that they are violative of MCL 333.7401(2)(a)(ii)-(iv) and (4); MSA 14.15(7401)(2)(a)(ii)-(iv) and (4). That statute states:

(2) a person who violates this section as to:

(a) A controlled substance classified in schedule 1 or 2 which is either a narcotic drug or described in section 7214(a)(iv) and:

* * *

(ii) Which is in an amount of 225 grams or more, but less than 650 grams, of any mixture containing that controlled substance is guilty of a felony and shall be imprisoned for not less than 10 years nor more than 30 years.

(iii) Which is in an amount of 50 grams or more, but less than 225 grams, of any mixture containing that controlled substance is guilty of a felony

and shall be imprisoned for not less than 5 years nor more than 20 years.

(iv) Which is in an amount less than 50 grams, of any mixture containing that substance is guilty of a felony and shall be imprisoned for not less than 1 year nor more than 20 years, and may be fined not more than $25,000.00, or placed on probation for life.

\* \* \*

(4) The court may depart from the minimum term of imprisonment authorized under subsection (2)(a)(ii), (iii), or (iv) if the court finds on the record that there are substantial and compelling reasons to do so.[1]

As stated earlier, each of the defendants involved in these appeals was sentenced under subsections 7401(2)(a)(ii)-(iv) and each one of their sentences departed from the minimum term set by the statute. We are thus faced with the task of determining the scope of departure which is permissible under subsection 7401(4). This issue has not yet been addressed by the appellate courts of this state.

Criminal statutes must be strictly construed. *People v Johnson,* 174 Mich App 108, 115; 435 NW2d 465 (1989). When interpreting a criminal statute we must ascertain and give effect to the intent of the Legislature. *Id.* Statutory terms must be given their plain and ordinary meaning. Dictionary definitions are appropriate aids in interpreting a statute. *Id.* Statutory provisions must also be read in the context of the whole statute to produce consistency and should not be read to render other parts of the statute void. *Boone v Antrim Co Bd of*

---

[1] We note that this statute was amended in June, 1989, to increase the minimum sentences under subsections 2(a)(ii) and (iii). 1989 PA 143. There is no dispute that the amendment is not applicable to the defendants in this case.

*Road Comm'rs,* 177 Mich App 688, 694; 442 NW2d 725 (1989).

Prior to its amendment in 1988, subsections 7401(2)(a)(ii)-(iv) provided for mandatory minimum and maximum sentences. The 1988 amendment of the statute added subsection 7401(4). The Legislature, in amending the statute, intended to give judges some discretion to sentence offenders below the statutory minimum. It is the extent of that discretion that we are today asked to define.

Unfortunately, the Legislature has not chosen to express its definition of what constitutes "substantial and compelling" reasons. Unlike the legislatures in the states of Minnesota and Washington, our Legislature did not include a list of factors which may constitute "substantial and compelling" reasons. Minnesota Sentencing Guidelines II.D.2a (1988); Wash Rev Code § 9.94A.390. We begin by looking to the plain and ordinary meaning of the term "substantial and compelling." Black's Law Dictionary (4th ed) defines the word substantial as:

> Of real worth and importance; of considerable value; valuable. . . . Belonging to substance; actually existing; real; not seeming or imaginary; not illusive; solid; true; veritable.

*Webster's Third New International Dictionary, Unabridged Edition* (1966), defines the term compelling as: "to urge irresistibly by moral or social pressure . . . to force or cause irresistibly, . . . to exert an irresistible influence." Minnesota's courts have defined the term "substantial and compelling" as those circumstances which make the facts of a particular case significantly different from a typical case. *State v Back,* 341 NW2d 273, 276 (Minn, 1983); *State v Peake,* 366 NW2d 299, 301 (Minn, 1985).

Also of interest to us are the statutory factors which the legislatures of Minnesota and Washington have found to constitute "substantial and compelling" reasons. To depart below the presumptive sentences set by the Minnesota sentencing guidelines a sentencing court may rely upon the following factors:

(1) The victim was the aggressor in the incident.

(2) The offender played a minor or passive role in the crime or participated under circumstances of coercion or duress.

(3) The offender, because of physical or mental impairment, lacked substantial capacity for judgment when the offense was committed. The voluntary use of intoxicants does not fall within the purview of this factor.

(4) Other substantial grounds exist which tend to excuse or mitigate the offender's culpability, although not amounting to a defense. [Minnesota Sentencing Guidelines II.D.2.a (1988).]

Washington's statute provides the following factors as permissible reasons to depart below the presumptive sentence range under their sentencing guidelines:

a. To a significant degree, the victim was the initiator, willing participant, aggressor, or provoker of the incident.

b. Before detection, the defendant compensated, or made good faith effort to compensate, the victim of the criminal conduct for any damage or injury sustained.

c. The defendant committed the crime under duress, coercion, threat, or compulsion insufficient to constitute a complete defense but which significantly affected his or her conduct.

d. The defendant, with no apparent predisposition to do so, was induced by others to participate in the crime.

e. The defendant's capacity to appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of the law, was significantly impaired (voluntary use of intoxicants is excluded).

f. The offense was principally accomplished by another person and the defendant manifested extreme caution or sincere concern for the safety or well-being of the victim. [Wash Rev Code 9.94A.390(1).]

We believe that each of the foregoing statutory factors should be considered substantial and compelling reasons to depart below the sentences contained in subsection 7401(2)(a)(ii)-(iv) to the extent that they can apply to the offense and the offender. The prosecutor argues that we should find that these factors are the exclusive reasons which could constitute substantial and compelling reasons and that no other factors except these should be considered. As a review of the above quoted statutes makes clear, the mitigating reasons listed are all confined to the facts of the actual criminal episode and do not take into account the defendants' individual characteristics.

We decline to adopt the restrictive definition of the term "substantial and compelling" espoused by the prosecutor. The Minnesota and Washington presumptive sentencing statutes operate within the framework of their respective sentencing guidelines ranges. The presumptive sentencing in those states operates for all crimes and not just controlled substances violations as is the case in Michigan. Furthermore, the sentencing guidelines which are used to determine the presumptive sentence ranges in those states already take into account the specific characteristics of the offender. Thus, both states limit the factors which may be considered "substantial and compelling" reasons to

depart from the guidelines to those factors which have not already been taken into consideration when computing the presumptive sentencing range. *State v Peake, supra,* p 301; *State v Nordby,* 106 Wash 2d 514, 518; 723 P2d 1117 (1986). We find that the statute involved in this case, which does not previously take into account any of the offender's individual characteristics, is so significantly different from the statutes of Minnesota and Washington that we cannot limit consideration to only those factors which involve the criminal episode.

This state has a long history of a system of indeterminate sentencing which gives broad discretion to judges in tailoring the sentence to fit the crime and the criminal. *People v McFarlin,* 389 Mich 557, 574; 208 NW2d 504 (1973). Trial judges are required to begin the sentencing process with an open mind and exercise sound discretion in imposing an appropriate sentence. By adopting mandatory minimum sentences in drug cases and then permitting departure for "substantial and compelling" reasons the Legislature has evidenced an intention to have judicial discretion remain in the sentencing process. The Legislature has not rejected Michigan's history of requiring that discretion to be exercised so as to take into account both the offense and the offender. What the Legislature has done is to require the judge to exercise his discretion with the presumption that the mandatory minimum sentence is the place to begin, that this sentence is appropriate, and that the sentence must remain there unless there are "substantial and compelling" reasons to depart. If this manner of sentencing appears somewhat indefinite, it is certainly no more complex than the methods for imposing sentences in any other case. Given our conclusions in this opinion that (a) the

bases for determining that a departure is required must be objective and verifiable and (b) the scope of the trial court's discretion is very limited, the indefinite character of the sentencing process in these cases is substantially reduced from sentencing in other cases.

The Michigan Supreme Court in *People v Snow,* 386 Mich 586, 592; 194 NW2d 314 (1972), found the following factors to be proper criteria in determining the length of sentences: (1) the disciplining of the wrongdoer, (2) the protection of society, (3) the potential for reformation of the defendant, and (4) the deterring of others from committing similar offenses. The Legislature's imposition of presumptively mandatory sentences for certain drug offenses reflects the Legislature's, and thus society's, determination that the length of the sentences contained in the statute are necessary to discipline the offender, to protect society and to deter others from committing drug offenses. The statutory amendment allowing deviation in exceptional circumstances reflects a desire to give judges some flexibility in making sentencing decisions based upon individual circumstances. Senate Legislative Analysis, SB 598, January 27, 1988. For these reasons we believe that the factors which go into determining the rehabilitative potential of the defendant may be considered when determining if substantial and compelling reasons exist to deviate from the presumptive sentence.

We agree with the prosecutor that race and economic status are not factors which should be considered. *People v Coles,* 417 Mich 523, 546; 339 NW2d 440 (1983). A nonexhaustive list of factors which may be considered under subsection 7401(4) are: (1) the facts of the crime which mitigate defendant's culpability (see for example the factors listed in Minnesota's and Washington's statutes),

(2) defendant's prior record, (3) defendant's age, and (4) defendant's work history.

A review of legislation in other states which have chosen to limit judicial discretion in sentencing reveals that the foregoing factors are consistently considered in determining whether a defendant should be sentenced below the presumptive sentence. In Alaska, where a mitigating circumstance must be established by clear and convincing evidence, the defendant's age and previous offenses are among the proper statutory factors to be considered. Alaska Stat 12.55.155(d). In Arizona there must be sufficiently substantial reasons to impose a lesser sentence than that specified by the statute. That statute specifies that, among other factors, the age of the defendant may be considered. Ariz Rev Stat 13-702. In Minnesota the appellate courts have found that the defendant's amenability to probation is a ground for departing from the presumptively mandatory sentence range. *State v Biederstedt,* 367 NW2d 84 (Minn App, 1985). In New Jersey presumptive sentences must be imposed unless the preponderance of the evidence of mitigating factors weighs in favor of a lower term. The prior criminal history of the defendant is one of several factors which may be considered under New Jersey's sentencing statute. NJ Stat Ann 2c:44-1(a).

We should, however, state that the term "substantial and compelling" implies that the factor must be capable of verification and thus is an objective standard as opposed to a subjective one. For example, a defendant's prior criminal record is readily verifiable and objective. On the other hand, a defendant's protestations of remorse and his actions after his arrest which are relied upon to show his remorse and rehabilitative potential are much more subjective and thus would not, absent

other exceptional circumstances, be appropriate factors to consider.

We conclude that the Legislature intended to give trial courts discretion to depart from the presumptively mandatory sentences only in exceptional cases. The scope of a sentencing court's discretion is thus narrow, the factors used in departing must be objective and must be of such significance that the statutory sentence is clearly inappropriate to the offender. The trial court must keep in mind that the Legislature has declared that the mandatory minimum sentence is an appropriate sentence. The trial court must begin its analysis from that perspective. We review the trial court's decision to impose an exceptional sentence for an abuse of the narrowly defined discretion which it possesses. Where a challenge is made to the length of the sentence itself, as opposed to the reasons for the exceptional sentence, we review the sentence under the standard announced in *People v Coles, supra.*

The Supreme Court in *Coles* stated that an excessively lenient sentence "is one which falls short of what all reasonable persons would perceive to be an appropriate social response to the crime committed and the criminal who committed it." *Coles, supra,* p 543. We believe the *Coles* standard to be applicable because, once it has been found that substantial and compelling reasons do exist for departing from the presumptive sentence, the actual sentence becomes an indeterminate sentence and the propriety of its length will be reviewed as such.

In the present case it is clear from the sentencing transcripts that the sentencing judge believed he possessed unfettered discretion to depart from the presumptively mandatory sentences contained in MCL 333.7401(2)(a)(ii)-(iv); MSA 14.15(7401)(2)(a)

(ii)-(iv). The sentencing judge's belief was erroneous. It would appear that the trial judge considered any mitigating factor that could be found and used it to reduce the sentences because the judge subjectively believed the defendant should receive a lower sentence. He then applied the term "substantial and compelling" to explain the result. This was not the appropriate way to proceed. The statute does not direct itself to each trial judge's subjective view of what an appropriate sentence might be. It begins with the mandatory sentences and requires that the defendant demonstrate that there are objective and verifiable reasons that justify departure, thereby making a departure "substantial and compelling." We now review each of the sentences imposed by the trial judge.

Defendant Downey was convicted of one count of delivery of less than fifty grams of cocaine, MCL 333.7401(2)(a)(iv); MSA 14.15(7401)(2)(a)(iv), and one count of possession with intent to deliver less than fifty grams of cocaine, MCL 333.7401(2)(a)(iv); MSA 14.15(7401)(2)(a)(iv). The statute provides for a mandatory minimum of one year imprisonment in addition to the possibility of a fine or lifetime probation. Downey was sentenced to 6½ months to 20 years on the first count and to lifetime probation on the second count. The trial court found substantial and compelling reasons to depart below the statutory sentence based upon the facts that since the time of her involvement in these crimes defendant had moved, had enrolled in college and had done volunteer work. We find that the trial court erred in finding that these factors constituted substantial and compelling reasons. These factors are merely subjective support for defendant's likelihood of rehabilitation, and all these events occurred after her arrests. Accordingly, we remand to the trial court to resentence

defendant Downey within the confines of the statute.

Defendant Pointer pled guilty to possession with intent to deliver between 225 and 650 grams of cocaine, MCL 333.7401(2)(a)(ii); MSA 14.15(7401)(2)(a)(ii). That offense calls for a minimum sentence of ten years imprisonment and a maximum of thirty years imprisonment. Pointer was sentenced to five to thirty years imprisonment. The trial court found the following factors to be substantial and compelling reasons to deviate from the statute: Pointer had no prior record, he expressed remorse, he had strong family support and he was not a drug user. We find that the trial court erred in finding that these factors constituted substantial and compelling reasons. The only objective factor relied upon was the lack of a criminal history. We believe that this factor alone, in light of the gravity of the instant offense, is insufficient to warrant deviation from the presumptive sentence.

Defendant Luna pled guilty to possession with intent to deliver between 225 and 650 grams of cocaine, MCL 333.7401(2)(a)(ii); MSA 14.15(7401)(2)(a)(ii). That statute provides for a minimum sentence of ten years imprisonment. Luna was sentenced to six to thirty years imprisonment. The trial court deviated from the statutory minimum stating that, while it was clear that Luna was a narcotics dealer, the mandatory minimum was very harsh in this case. Therefore, on the basis of Luna's lack of any prior criminal record, his strong family support, his cooperation with the police and the fact that he had at some point in the past held a job, the trial court found substantial and compelling reasons to deviate. We find that the trial court erred. The fact that Luna had no prior convictions means nothing in this case as

the trial court itself stated that Luna had been dealing drugs for a long period of time. It appears as though the trial court was rewarding defendant for not having been caught in prior drug dealing. We also believe Luna's family support and the fact that he had talked with the authorities after his arrest to be such subjective factors as to be of little or no weight. Therefore, we remand this case to the trial court for imposition of a sentence which is no less than the mandatory minimum.

Defendant Marks, who is defendant Luna's girl-friend, was convicted of possession with intent to deliver between 225 and 650 grams of cocaine. Marks was sentenced to one to thirty years in the state prison system. The trial judge found Marks' circumstances to be substantial and compelling for the following reasons: Marks' role in the crime was minor, defendant Luna having planned the entire transaction. Marks had no prior contact with the criminal justice system and had a regular work history. Additionally, Marks' probation report recommended her as a good candidate for probation. Of all the cases contained in these appeals, we find defendant Marks' circumstances to be the most substantial and compelling. Marks possessed three objective characteristics which indicate that the minimum ten-year sentence would be inappropriate for her. Furthermore, this conclusion is corroborated by her probation report. We find that no abuse of discretion occurred in sentencing defendant Marks.

Finally we turn to the sentences of defendants Freeman and Thomas. Both Freeman and Thomas pled guilty to delivering between 225 and 650 grams of cocaine. Freeman was sentenced to 5½ to 30 years imprisonment and Thomas was sentenced to three to thirty years. The minimum sentence prescribed by statute is ten years. When sentenc-

ing Thomas, the trial court stated that it was departing from the statutory minimum due to: Thomas' age (nineteen), the fact that Thomas had no prior contacts with the criminal justice system, the fact that he had a prior work history and the fact that the police had made several attempts to get Thomas to allow them to purchase the larger amount of cocaine.

The trial court reduced defendant Freeman's sentence on the basis that he had a high school education and was currently in vocational training school, he had no prior contact with the criminal justice system, he showed remorse, he had strong family support and the police had to make several attempts to purchase an amount of cocaine over 225 grams. When sentencing both these offenders, the trial judge repeatedly referred to the fact that he possessed a wide discretion to sentence below the statutory minimum and that the substantial and compelling test was very subjective. Because the cases of Freeman and Thomas present some objective factors which may mitigate their sentences and because it is unclear as to whether they could have asserted some defense which would have mitigated their culpability in terms of the amount of cocaine they were selling, we reverse the sentences of Freeman and Thomas and remand for resentencing not inconsistent with this opinion. We make no judgment on the correctness of these sentences, but reverse due to the trial court's erroneous belief in his unlimited discretion and because we are unable, on this record, to determine if substantial and compelling reasons to deviate existed.

Thus, we reverse the sentences of defendants Downey, Luna and Pointer and direct the trial court to impose a sentence no less than the statutory minimum. We affirm the sentence of defen-

dant Marks. We reverse the sentences of defendants Freeman and Thomas and remand to the trial court for resentencing in a manner which is not inconsistent with this opinion.

Defendants Pointer, Freeman and Thomas challenge the validity of their guilty pleas. All three defendants moved to withdraw their guilty pleas after their sentences had been imposed. MCR 6.302(D)(1) requires that the trial court question a defendant to establish support for a finding that he is guilty of the offense to which he is pleading guilty. A factual basis for the plea will be found sufficient if an inculpatory inference can be drawn from what the defendant has admitted. *People v Rashid,* 154 Mich App 762, 764-765; 398 NW2d 525 (1986).

Defendant Pointer contends that there is an insufficient factual basis to find that he actually possessed the cocaine. When pleading guilty, Pointer stated that the cocaine seized was in fact his but he had not been present when the cocaine was found. Pointer stated that the cocaine "was in a house in a closet but I wasn't at home." A defendant will be found to have possessed narcotics where he has dominion or right of control over the drug with knowledge of its presence and character. *People v Maliskey,* 77 Mich App 444, 453; 258 NW2d 512 (1977). Such possession may be actual or constructive. *Id.* We conclude that inculpatory inferences can be drawn from Pointer's statement to support a factual basis for the plea. Pointer stated that he owned the drugs. Further, from Pointer's statement that he was not at home when the drugs were found, it may be inferred that the drugs were in fact found in a closet in his house. Thus we find no error in Pointer's plea of guilty.

Defendant Freeman asserts that there was an

insufficient factual basis for his guilty plea of aiding and abetting the delivery of between 225 and 650 grams of cocaine. Freeman contends that the plea was defective because there was no proof of the guilt of the principal and the record does not establish that Freeman aided or abetted in the commission of the crime. We disagree.

To support a finding a guilt based upon an aiding and abetting theory these elements must be shown: (1) the crime charged was either committed by the defendant or some other person; and (2) the defendant performed the acts which aided or assisted the commission of the crime while intending to commit the crime or with knowledge that the principal intended its commission. *People v Acosta,* 153 Mich App 504, 512; 396 NW2d 463 (1986), lv den 428 Mich 865 (1987).

Freeman stated that he drove a car to deliver a box of cocaine and that he did not actually possess the cocaine but that he knew it was cocaine when he helped deliver it. Freeman stated that the box of cocaine was ultimately delivered to someone. We find that this statement contained sufficient facts from which an inculpatory inference may be drawn.

Defendant Thomas asserts that his guilty plea is infirm because he stated his plea in terms of a legal conclusion rather than stating its factual basis. Thomas stated that he delivered a box of cocaine and that he knew it was cocaine. We find that Thomas' use of the term "delivery" did not constitute a legal conclusion but was a statement, within the common definition of the term, of his actions. We find that there was an adequate factual basis for his plea of guilty.

In summary, we affirm the plea-based convictions of defendants Pointer, Freeman and Thomas.

We affirm defendant Marks' sentence, and we remand the remaining cases for resentencing. At the resentencing hearings for defendants Freeman and Thomas the trial court should start first with the proposition that the statutory sentence is the correct sentence for these defendants. The trial court may then review the facts of the criminal episode and determine if mitigating factors are present. The trial court may then look to objective, verifiable factors which reflect the defendants' likelihood for rehabilitation. If sufficient factors are present and the trial court believes they are substantial and compelling, it may depart from the minimum statutory sentence. We do not retain jurisdiction.