PEOPLE v PEARSON

Docket No. 121788. Submitted August 9, 1990, at Detroit. Decided
    October 15, 1990.

William Robert Pearson pled guilty in Oakland Circuit Court to
    charges of delivery of less than fifty grams of a mixture
    containing cocaine and delivery of more than 50 grams but less
    than 225 grams of a mixture containing cocaine, Frederick C.
    Ziem, J. Defendant was sentenced to one to twenty years on his
    conviction for delivery of less than 50 grams and to 2½ to 20
    years on his conviction for delivery of more than 50 grams but
    less than 225 grams. The prosecutor appealed, claiming the
    court abused its discretion in sentencing defendant to a mini-
    mum term of 2½ years on the conviction for delivery of
    between 50 and 225 grams of a mixture containing cocaine
    because there were no substantial and compelling reasons for
    departing downward from the minimum term of five years
    prescribed by the Legislature.

    The Court of Appeals *held:*

    The court's stated reasons for departing from the five-year
    minimum sentence were that defendant was twenty-three years
    old and had no prior criminal record, the offenses appeared to
    be isolated incidents, just over fifty grams of the mixture was
    involved, a codefendant received a three-year minimum sen-
    tence from another judge, defendant had a four-month-old
    daughter and was engaged to be married, was a high school
    graduate, had, following his arrest, obtained a builder's license
    and started a carpentry company that employed three full-time
    workers, and defendant expressed great remorse and didn't
    realize the consequences of his actions. None of the reasons
    mentioned by the court or presented by defendant, either alone
    or in combination with the others, is a substantial and compel-
    ling reason for finding that the minimum sentence was clearly

REFERENCES

Am Jur 2d, Criminal Law §§ 598, 599; Drugs, Narcotics, and Poi-
    sons § 48.
Validity of state statute imposing mandatory sentence or prohibit-
    ing granting of probation or suspension of sentence for narcotics
    offenses. 81 ALR3d 1192.

inappropriate to defendant. Trial courts have discretion to depart from presumptively mandatory sentences only in exceptional cases. There is nothing exceptional involved in this case. Defendant's sentence is reversed and the case is remanded to the sentencing court for imposition of a minimum sentence of at least five years on the conviction for delivery of between 50 and 225 grams of a mixture containing cocaine.

Remanded for resentencing.

CONTROLLED SUBSTANCES — SENTENCING — DEPARTURE FROM MANDATORY MINIMUM SENTENCES.

The mandatory minimum sentence set for controlled substance offenses is a legislative expression of an appropriate sentence to discipline the wrongdoer, protect society, and deter others and is thus presumptively valid; the Legislature intended to give trial courts discretion to depart from the presumptively mandatory sentences only in exceptional cases; the factors used in departing must be objective and verifiable and must be of such significance that the statutory sentence is clearly inappropriate to the offender; insubstantial factors must not be permitted to undermine the Legislature's determination of the minimally appropriate response to the crime committed.

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *Richard Thompson,* Prosecuting Attorney, *Robert C. Williams,* Chief, Appellate Division, and *Sarah E. Hunter,* Assistant Prosecuting Attorney, for the people.

*Ronald G. Ionetz,* for defendant.

Before: REILLY, P.J., and CYNAR and WAHLS, JJ.

WAHLS, J. On August 7, 1989, defendant pled guilty in Oakland Circuit Court to the charges of delivery of less than fifty grams of a mixture containing cocaine and delivery of 50 grams or more, but less than 225 grams of a mixture containing cocaine, MCL 333.7401(2)(a)(iii) and (iv); MSA 14.15(7401)(2)(a)(iii) and (iv). On September 5, 1989, defendant was sentenced to a term of one to twenty years on his conviction of delivery of less than fifty grams of a mixture containing cocaine,

and to a term of 2½ to 20 years on his conviction of delivery of fifty grams or more of a mixture containing cocaine. The prosecutor appeals as of right claiming that the sentencing court abused its discretion when it sentenced defendant to a minimum term of 2½ years on his conviction of delivery of fifty grams or more of a mixture containing cocaine, because there were no substantial and compelling reasons for departing downward from the minimum term of five years prescribed by the Legislature, 1987 PA 275, MCL 333.7401(2)(a)(iii) and (4); MSA 14.15(7401)(2)(a)(iii) and (4).

The record reveals that officers of the Oakland County Narcotics Enforcement Team were conducting an investigation into illegal drug sales when their investigation focused on David Dunaway in December, 1988. Eventually, an undercover officer, Deputy Walter Blackmer, contacted Dunaway in order to purchase an ounce of cocaine. On December 16, 1988, Dunaway told Blackmer that the sale of an ounce of cocaine for $1,100 dollars had been arranged through Dunaway's supplier. As it turned out, Dunaway's supplier was defendant. Blackmer and Dunaway met defendant later that day in the parking lot of a party store. Defendant then sold the cocaine to Blackmer through Dunaway, who was acting as an intermediary. Five days later on December 21, 1988, Dunaway arranged the sale of three ounces of cocaine for $3,000. As before, defendant sold the cocaine to Blackmer through Dunaway. Defendant and Dunaway were then arrested, and charges were filed against them for both drug transactions.

Following a joint preliminary examination on January 3, 1989, defendant and Dunaway were bound over for trial on charges of delivery of less than fifty grams of a mixture containing cocaine, and delivery of fifty grams or more of a mixture

containing cocaine. Defendant ultimately pled guilty to the charges. Apparently, Dunaway also pled guilty to the charges because, as reported at defendant's sentencing, Dunaway was sentenced to a term of three to twenty years on his conviction of delivery of fifty grams or more of a mixture containing cocaine.

As indicated above, § 7401(4) provides that the sentencing court "may depart from the minimum term of imprisonment authorized under subsection (2)(a)(ii), (iii), or (iv) if the court finds on the record that there are substantial and compelling reasons to do so." At defendant's sentencing, the court found that "there are some substantial and compelling reasons to deviate" from the minimum sentence of five years. The reasons specifically enumerated by the court were defendant's age of twenty-three years, defendant had no prior record, "these appear to be isolated incidences [sic] and it's just over the fifty grams on the one charge," and "the co-defendant, Mr. Dunaway, did receive a sentence from Judge Schnelz with a minimum term of three years." The court also stated that it was "[t]aking into consideration everything that has been presented." Among the reasons presented by defendant were that defendant had a four-month-old daughter and was engaged to be married, defendant was a high school graduate, and, since his arrest, defendant had obtained a builder's license and started a carpentry company that employed three full-time workers. Further, defendant expressed "great remorse" and "didn't realize the consequences of his actions."

The scope of the sentencing court's discretion under § 7401(4) to depart from the minimum sentences prescribed in §§ 7401(2)(a)(ii)-(iv), and, thus, the issue of what constitutes substantial and compelling reasons for departure, was first addressed

by this Court in *People v Downey,* 183 Mich App 405; 454 NW2d 235 (1990). After careful analysis of § 7401, this Court in *Downey, supra,* p 416, concluded:

> [T]he Legislature intended to give trial courts discretion to depart from the presumptively mandatory sentences only in *exceptional* cases. The scope of a sentencing court's discretion is thus *narrow,* the factors used in departing must be *objective* and must be of such significance that the statutory sentence is *clearly* inappropriate to the offender. [Emphasis added.]

Earlier in *Downey, supra,* p 414, after noting the four sentencing criteria set forth in *People v Snow,* 386 Mich 586, 592; 194 NW2d 314 (1972), this Court stated that the presumptive sentencing scheme of § 7401

> reflects the Legislature's, and thus society's, determination that the length of the sentences contained in the statute are necessary to discipline the offender, to protect society and to deter others from committing drug offenses.

This fact must remain foremost among the sentencing court's considerations when determining whether the presumptive minimum sentence is "clearly inappropriate." Thus, as this Court in *Downey, supra,* p 416, concluded:

> The trial court must keep in mind that the Legislature has declared that the mandatory minimum sentence is an appropriate sentence. The trial court must begin its analysis from that perspective.

We also begin our analysis from that perspective, and, therefore, "[w]e review the trial court's deci-

sion to impose an exceptional sentence for an abuse of the narrowly defined discretion which it possesses." *Downey, supra,* p 416.

After careful consideration of the entire record in this case, we conclude that *none* of the reasons mentioned by the trial court or presented by defendant, either alone or in combination with the others, is a substantial and compelling reason for finding that the minimum sentence was clearly inappropriate to this defendant. Defendant, we are sure, *was* fully aware of the consequences of being arrested for selling drugs. He simply did not give those consequences the weight they deserved when considering the benefits of selling drugs. Moreover, defendant's protestations of remorse and his actions following his arrest, absent other *exceptional* circumstances, are not the substantial and compelling reasons required by the statute. *Downey, supra,* pp 415-416.

There is no objective and verifiable evidence in the record supporting the court's finding that the instant crimes "appear to be isolated" incidents. The sentencing court had no way of knowing whether they were isolated, and, in our opinion, the evidence is to the contrary. Regardless, what *appears* to be true is simply *not substantial.* We emphasize that the factors relied on by the sentencing court in these cases must be objective and verifiable. Insubstantial factors must not be permitted to undermine the Legislature's determination of the minimally appropriate response to the crime committed. See *Downey, supra,* pp 413-414; *People v Krause,* 185 Mich App 353, 357-358; 460 NW2d 900 (1990).

The remaining factors expressly or impliedly relied on by the sentencing court are objective and verifiable. However, as previously stated, they are

not substantial and compelling, either alone or in combination with the other factors.

Defendant's age of twenty-three years is not exceptional. Nor is the fact that defendant is engaged to be married. Nor is the fact that defendant is a high school graduate. Nor, under the circumstances of this case, is the fact that defendant does not have a prior record. *Cf. Downey, supra,* pp 418-419 (discussion of defendants Pointer and Luna). The fact that codefendant Dunaway received a minimum sentence of three years is entirely irrelevant, especially considering that the issue is whether the presumptive minimum sentence is clearly inappropriate to *this* offender. See *Downey, supra,* pp 413-414. Regarding the *claim* that the quantity of cocaine sold in this case was "just over the fifty grams," we simply point out that the quantity (over seventy-five grams) was sufficient to support the conviction, and, thus, sufficient to impose the presumptive minimum sentence.

It is unfortunate that defendant's daughter will be without a father for at least the first five years of her life. However, we are not compelled by that consideration to affirm defendant's sentence for a number of reasons. Although it may be small consolation to those immediately affected by defendant's imprisonment, we are convinced that, absent exceptional circumstances, it is for the child's protection, as well as society's, that such harsh discipline must be imposed on present offenders so that future offenses may be deterred. Thus, we reverse defendant's sentence and remand this case to the sentencing court with instructions to the sentencing court on remand to impose a minimum sentence of at least five years as prescribed in the statute, 1987 PA 275, MCL 333.7401; MSA 14.15(7401).

Reversed and remanded.