PEOPLE v DIAMOND

Docket No. 80732. Submitted April 16, 1985, at Lansing.—Decided
August 6, 1985. Leave to appeal applied for.

David B. Diamond pled guilty in Eaton Circuit Court to charges
of breaking and entering and unarmed robbery and was sen-
tenced to two concurrent prison terms of from 10 to 15 years.
Defendant appealed. *Held:*

1. The trial court did not err in imposing a longer minimum
sentence than that recommended in the Sentencing Guidelines
Manual. The court followed the requirements for departing
from the recommended sentences.

2. Defendant's sentences are not excessively severe and do
not shock the conscience of the Court of Appeals. The trial
court did not abuse its discretion by imposing the sentences.

Affirmed.

CRIMINAL LAW — SENTENCING GUIDELINES.

The use of the Sentencing Guidelines when imposing a sentence
for an offense included in the guidelines is mandatory, but
imposing a sentence based on the recommended ranges of the
sentences is not; a judge may depart from the recommended
minimum range for the reasons, and in the manner, prescribed
by the guidelines.

*Frank J. Kelley,* Attorney General, *Louis J.
Caruso,* Solicitor General, *G. Michael Hocking,*
Prosecuting Attorney, and *K. Davison Hunter,*
Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Ronald J. Bretz),*
for defendant on appeal.

REFERENCES FOR POINTS IN HEADNOTE
Am Jur 2d, Criminal Law §§ 525-631.
See the annotations in the ALR3d/4th Quick Index under the topic
Sentence and Punishment.

Before: DANHOF, C.J., and M. J. KELLY and M. E.
DODGE,* JJ.

PER CURIAM. Defendant pled guilty to breaking
and entering an occupied dwelling, MCL 750.110;
MSA 28.305, and unarmed robbery, MCL 750.530;
MSA 28.798. Defendant was sentenced to two con-
current prison terms of from 10 to 15 years for the
convictions. Defendant appeals as of right.

The sentencing information report indicated a
guideline sentence range of from 6 to 24 months.
The trial judge stated the following reasons for
departure: "[D]efendant is a habitual criminal who
participated in a breaking and entering where an
82-year-old woman was held under a blanket." At
sentencing, the judge elaborated, also listing pro-
tection of society, rehabilitation, and deterrence as
reasons for the sentences imposed.

Defendant first argues that the stated reasons
for departure—defendant's prior criminal history
and the circumstances surrounding the offense—
were inadequate reasons for departure because the
seriousness of the offense and defendant's prior
record already had been taken into account in
calculating the minimum sentence range under
the guidelines.

Administrative Order 1984-1, 418 Mich lxxx,
states that the guidelines are mandatory "to assist
the Supreme Court in evaluating the sentencing
guidelines" and a "judge may depart from the
recommended minimum range for the reasons, and
in the manner, prescribed by the guidelines". The
guidelines departure policy indicates that depar-
ture is appropriate when the trial judge believes
the sentence range does not reflect sentencing
practices of the state's trial judges or justice re-
quires a longer sentence than that recommended

---

* Circuit judge, sitting on the Court of Appeals by assignment.

by the guidelines because of the circumstances of the case at bar. The reasons for departure in the present case fall within the latter.

Defendant contends that this Court should follow Minnesota law. In Minnesota, a sentencing court may not rely on a defendant's criminal history as grounds for imposing a longer sentence than that recommended by the guidelines because the guidelines have already taken criminal history into account. See *State v Magnan,* 328 NW2d 147 (Minn, 1983). The sentencing guidelines in Minnesota require "substantial and compelling circumstances" for departure from the "presumptive sentence". *Magnan, supra,* and cases cited therein. The Minnesota rules clearly limit the trial judge's discretion and latitude in considering the reasons for a sentence.

In Michigan, departure, accompanied by the court's reasons for departure, is encouraged in order to facilitate improvement of the guidelines. As this Court stated in *People v Ridley,* 142 Mich App 129, 134; 369 NW2d 274 (1985), "[r]efusing to allow the sentencing court to depart from the guideline minimum range whenever its reasons for departure are included in factors considered by the guidelines would seriously circumscribe the court's discretion in sentencing and retard changes and improvements in the guidelines". In the present case, the trial judge clearly followed the requirements of the departure policy and Administrative Order 1984-1, *supra,* and we find no error.

Defendant also argues that the sentence he received was excessively severe. Having examined the record and the trial court's sentence explanation, we cannot say that the sentence imposed amounted to an abuse of discretion or shocks our consciences. *People v Coles,* 417 Mich 523, 550; 339 NW2d 440 (1983).

Affirmed.