LAPEER COUNTY DEPARTMENT OF SOCIAL SERVICES v
HARRIS

Docket No. 113912. Submitted February 6, 1990, at Lansing. Decided
March 19, 1990.

The Lapeer County Department of Social Services and Rose
Marie Akers, also known as Rose Marie Collins, brought an
action in the Lapeer Circuit Court against William W. Harris,
the father of a child born outside of marriage, seeking an order
of child support. An order was entered for child support in the
amount of $40 per week, payable through the Lapeer County
Friend of the Court. Defendant became several years in arrears
and the plaintiffs sought an income withholding order. Defen-
dant receives, as his sole source of income, a subsistence grant
from the Department of Social Services of $242 per month
under the general assistance program. The trial court, Martin
E. Clements, J., entered an income withholding order directing
the Department of Social Services to withhold $202 per month
from any sum payable to defendant and to pay such amount to
the Lapeer County Friend of the Court. Defendant appealed
from the denial of his motion to set the order aside.

The Court of Appeals *held:*

1. The trial court erred in ruling that general assistance
payments may be withheld to satisfy child support obligations.
The lower court order is an improper alienation of defendant's
benefits under the Social Welfare Act. The withholding order is
vacated.

2. The trial court erred in ruling that general assistance
payments fall within the definition of income under the Sup-
port and Visitation Enforcement Act.

Reversed.

1. PAUPERS — GENERAL ASSISTANCE — ALIENATION OF PAYMENTS —
CHILD SUPPORT.
All aid, relief or assistance given under the Social Welfare Act is

REFERENCES
Am Jur 2d, Bastards § 68; Welfare Laws § 76.
See the Index to Annotations under Custody and Support of Chil-
dren; Poor Persons; Social Security.

absolutely inalienable; general assistance payments received under the act may not be withheld pursuant to an income withholding order to satisfy child support obligations (MCL 400.55a, 400.63; MSA 16.455[1], 16.463).

2. PAUPERS — GENERAL ASSISTANCE — SUPPORT AND VISITATION ENFORCEMENT ACT — INCOME.

General assistance payments do not fall within the definition of income under the Support and Visitation Enforcement Act; such payments do not constitute an amount of money due the recipient (MCL 400.55a, 552.602[c]; MSA 16.455[1], 25.164[2][c]).

*Nick O. Holowka,* Prosecuting Attorney, and *Byron J. Konschuh,* Assistant Prosecuting Attorney, for the plaintiffs.

Genesee County Legal Aid Society (by *Kathleen L. Ritzert*), and Legal Services of Eastern Michigan (by *Donna Beauregard* and *Terri L. Stangl*), for defendant.

Before: WEAVER, P.J., and SHEPHERD and GRIFFIN, JJ.

GRIFFIN, J. Defendant appeals as of right from a lower court order denying his motion to set aside an income withholding order. We reverse and vacate.

I

Defendant is the father of a child born outside of marriage, for whom child support in the amount of $40 per week was ordered and is payable through the Lapeer County Friend of the Court. The support payments are several years in arrears, and defendant has been jailed and fined several times since 1980 for his failure to pay the support. Defendant claims that a nonwork-related injury has rendered him unable to meet his child support obligations. Defendant currently receives a subsis-

tence grant of $242 per month under the general assistance program.

The income withholding order at issue was entered on May 12, 1988. The order directs the Department of Social Services to withhold $202 per month from any sums payable to the defendant and to pay such amounts to the Lapeer County Friend of the Court. The DSS has complied with the order by diverting $202 of defendant's general assistance payments each month to the Friend of the Court, leaving the defendant with $40 a month for his personal living expenses.

At a hearing on defendant's motion to set aside the order, the lower court denied the motion ruling that "general assistance is amenable to child support obligations." The court assumed that defendant was capable of working since he had never petitioned the court to show that he was physically unable to work.

II

On appeal, defendant first argues that the trial court erred by ruling that general assistance payments may be withheld to satisfy child support obligations. We agree.

The Social Welfare Act, MCL 400.63; MSA 16.463, provides:

> All aid, relief or assistance given under this act *shall be absolutely inalienable* by any assignment, sale, garnishment, execution *or otherwise,* and in the event of bankruptcy, shall not pass to or through any trustee or other person acting on behalf of creditors.

Under the plain language of this statute, "*all*" aid given pursuant to the Social Welfare Act is "*absolutely*" inalienable. We summarily reject

plaintiffs' position that a withholding order is not included within the scope of the statute. The act in the broadest possible terms prohibits any and all alienations of such aid by "assignment, sale, garnishment, execution *or otherwise.*" Plaintiffs' position that a statutory exception *should* exist for delinquent child support obligations is a public policy argument which should more appropriately be addressed to the Legislature. The role of the judiciary is to construe statutes as intended by the Legislature, not rewrite them. *Panich v Iron Wood Products Corp,* 179 Mich App 136, 142; 445 NW2d 795 (1989).

III

The instant case is readily distinguishable from *Causley v LaFreniere,* 78 Mich App 250; 259 NW2d 445 (1977). In *Causley,* the defendant, who was receiving ADC-U benefits, was ordered to pay $5 a month of his child support arrearage so long as he remained unemployed. This Court held that although the defendant could not be forced to make payments for child support from his ADC-U benefits, he could nonetheless be required to make the payment from other sources of income. In *Causley,* the defendant was permitted to work up to twenty hours per week with no loss of ADC-U benefits, from which this Court reasoned he could earn the necessary $5 per month. Because an outside source of income was available to the defendant, the child support order was held not to be an impermissible alienation of ADC-U benefits.

Closer on its facts is *Gonzalez v Gonzalez,* 121 Mich App 289; 328 NW2d 365 (1982), in which this Court overturned an award of child support where the defendant had no means of support other than ADC benefits. Although the court order did not

require the support to be paid directly from the ADC benefits, it was clear that the defendant had no other possible means. Accordingly, the support order was held to constitute an improper alienation of the ADC benefits.

IV

In the instant case, the lower court order is clearly an improper alienation of defendant's benefits under the Social Welfare Act, MCL 400.63; MSA 16.463. The defendant's general assistance received under MCL 400.55a; MSA 16.455(1) is absolutely inalienable pursuant to the statutory mandate. Unlike the orders in *Causley* and *Gonzalez*, which on their face did not order child support to be paid directly from welfare benefits, there is no question that the lower court order at issue specifically directs an alienation of welfare payments. Thus, the order is not even arguably proper. Moreover, we recognize that in order to qualify for general assistance under MCL 400.55a; MSA 16.455(1) defendant was required to prove that he had no other source of income and was unemployable.

We therefore hold that the lower court's ruling that "general assistance is amenable to child support" was in error and that the withholding order is contrary to law.

V

Defendant also argues that the trial court erred by ruling that general assistance payments fall within the definition of "income" under the Support and Visitation Enforcement Act. We again agree.

The act defines income as follows:

(i) Commissions, earnings, salaries, wages, and

other income due or to be due in the future from his or her employer and successor employers.

(ii) Any payment due or to be due in the future from a profit-sharing plan, pension plan, insurance contract, annuity, social security, unemployment compensation, supplemental unemployment benefits, and worker's compensation.

(iii) Any amount of money which is due to the payer under a support order as a debt of any other individual, partnership, association, or private or public corporation, the United States or any federal agency, this state or any political subdivision of this state, any other state or a political subdivision of another state, or any other legal entity which is indebted to the payer. [MCL 552.602(c); MSA 25.164(2)(c).]

The detailed and specific definitions of income do not include general assistance payments. Nor can we accept plaintiffs' position that such payments constitute an amount of money "due" the defendant. It cannot be said that any legal entity is indebted to a welfare recipient for his or her monthly general assistance payments. Indeed, no recipient of benefits under the Social Welfare Act has a claim for compensation if his or her payments are affected by amendment or repeal of the act. MCL 400.62; MSA 16.462.

Finally, we note that the Michigan Child Support Guideline Manual specifically states that general assistance "should not be considered as income to either parent for the purpose of determining child support."

## VI

Given our resolution of these first two issues, we need not address defendant's final issue on appeal.

Reversed. The income withholding order is hereby vacated. Defendant may tax costs. We do not retain jurisdiction.