PEOPLE v MOUAT

Docket No. 123876. Submitted February 11, 1992, at Detroit. Decided June 1, 1992, at 9:30 A.M. Leave to appeal sought.

Dean A. Mouat was convicted by a jury in the Macomb Circuit Court, John B. Bruff, J., of conspiring to deliver 225 grams or more, but less than 650 grams of cocaine and of delivering a similar amount of cocaine. He was sentenced to concurrent terms of 120 to 360 months in prison. He appealed.

The Court of Appeals *held:*

1. The trial court did not abuse its discretion in admitting, under MRE 404(b), the testimony of a codefendant and another witness concerning prior drug-dealing by the defendant for which he had not been charged. The probative value of the evidence outweighed any danger of unfair prejudice.

2. The defendant's postarrest cooperation in the apprehension and conviction of a fellow jail inmate for solicitation to murder did not represent a substantial and compelling reason to depart from the ten-year minimum sentence mandated by statute for each of his offenses. Accordingly, the trial court did not abuse its discretion in refusing to so depart.

3. The defendant's claim of ineffective assistance of counsel at trial, which was premised on allegations that counsel mistakenly believed that the mandatory minimum sentence was twenty years and that counsel failed to investigate adequately and apprise the trial court of the defendant's cooperation with the authorities, is without merit. The record indicates that counsel knew that the mandatory minimum sentence was ten years, and the defendant was not prejudiced with respect to counsel's handling of the issue of the defendant's cooperation with the authorities because that cooperation was not a sub-

REFERENCES

Am Jur 2d, Evidence §§ 321-326.

Admissibility of evidence of subsequent criminal offenses as affected by proximity as to time and place. 92 ALR3d 545.

Admissibility of evidence of other offenses in rebuttal of defense of entrapment. 61 ALR3d 293.

Admissibility, under Rule 404(b) of the Federal Rules of Evidence, of evidence of other crimes, wrongs, or acts similar to offense charged to show preparation or plan. 47 ALR Fed 781.

stantial and compelling reason for the trial court to depart from the mandatory sentence.

4. Contrary to the defendant's claim, the trial court, in ruling on his motion for resentencing and to correct the judgment of sentence, did not resentence the defendant outside his presence. Rather, the trial court merely articulated its reasons for the sentences imposed.

Affirmed.

MICHAEL J. KELLY, J., dissenting, stated that the trial court abused its discretion in admitting evidence of prior bad acts because those acts and the offenses for which the defendant was tried were not sufficiently similar and did not involve characteristics so distinctive, unique, peculiar, or special as to justify an inference by a reasonable juror that all were the handiwork of the defendant. Furthermore, the defendant's cooperation with the authorities was a substantial and compelling reason for departing from the mandatory minimum sentence. The defendants conviction should be reversed and the matter remanded for a new trial.

CRIMINAL LAW — EVIDENCE — SIMILAR ACTS.

Evidence of a defendant's similar criminal act may be admitted where: there is substantial evidence that the defendant actually committed the act; there is some special quality or circumstance of the act that tends to prove the defendant's identity or the motive, intent, absence of mistake or accident, scheme, plan, or system in doing the act, and opportunity, preparation, and knowledge; one or more of those factors is material to the determination of the defendant's guilt of the charged offense; and the probative value of the evidence substantially outweighs the danger of unfair prejudice (MRE 404[b]).

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *Carl J. Marlinga,* Prosecuting Attorney, and *Carole A. Murray,* Assistant Prosecuting Attorney, for the people.

*Richard J. Amberg, Jr.* and Dean A. Mouat, in propria persona, for the defendant on appeal.

Before: DOCTOROFF, C.J., and MICHAEL J. KELLY and BRENNAN, JJ.

BRENNAN, J. Following a jury trial, defendant

was convicted of conspiracy to deliver 225 grams or more, but less than 650 grams of cocaine and delivery of the same amount of cocaine, MCL 750.157a; MSA 28.354(1); MCL 333.7401(2)(a)(ii); MSA 14.15(7401)(2)(a)(ii). Defendant was sentenced to concurrent terms of 120 to 360 months of imprisonment. He appeals as of right, and we affirm.

Defendant first argues that the trial court committed error requiring reversal admitting testimonial evidence of prior bad acts of the defendant. Codefendant Gary Ciraulo testified regarding defendant's drug-dealing activities during the year before defendant's arrest. The trial court allowed the testimony under MRE 404(b) as proof of defendant's intent to distribute cocaine.

Evidence of similar acts may be admitted where: (1) there is substantial evidence that the defendant committed the similar act; (2) some special quality of the act tends to prove the defendant's identity or the motive, intent, absence of mistake or accident, scheme, plan, or system, and opportunity, preparation, and knowledge; (3) one or more of these factors are material to defendant's guilt of the charged offense; and (4) the probative value of the evidence substantially outweighs the danger of unfair prejudice. *People v Golochowicz,* 413 Mich 298, 307-309; 319 NW2d 518 (1982).

In the present case, there was substantial evidence that defendant committed the prior acts. In addition to codefendant Ciraulo's testimony, Mark Rubino testified that he purchased drugs from Ciraulo and that Ciraulo told him that he had received the drugs from defendant. The testimony was credible in light of the fact that it was also damaging to Ciraulo and Rubino. The testimony regarding the prior drug activity showed defendant's intent to distribute cocaine, which was necessary for defendant's convictions. Defendant ad-

mitted possession of the drugs, and the only major issue in the case was whether he intended to deliver the drugs to others. Therefore, intent was in issue. Although the evidence was clearly prejudicial to defendant, it was highly probative with regard to the issue of intent. We believe that the probative value of the evidence substantially outweighed the danger of unfair prejudice. Accordingly, we find that the trial court did not abuse its discretion in allowing the evidence. *People v Rockwell,* 188 Mich App 405, 410; 470 NW2d 673 (1991).

Defendant further argues that the trial court abused its discretion in sentencing him to the mandatory ten-year minimum sentence when there were substantial and compelling reasons for departing from the mandated minimum. Defendant alleges that the substantial and compelling circumstances consisted of his act of revealing a fellow prisoner's plan to have several individuals executed. Defendant states that his cooperation ultimately resulted in the fellow prisoner's plea-based conviction of solicitation to murder. We note that the trial court imposed the sentence requested by defense counsel. Moreover, we find that substantial and compelling reasons for departing from the mandatory minimum sentence did not exist. Although the trial court may consider postarrest facts in determining whether substantial and compelling reasons exist, it should do so with greater caution than when considering prearrest facts, given the risk that defendants will create postarrest events to influence the sentencing court. *People v Windall Hill,* 192 Mich App 102, 115; 480 NW2d 913 (1991). We do not find defendant's case to be exceptional or his cooperation with the authorities to be of such significance that it renders the statutory sentence clearly inappropriate to defendant. *People v Krause,* 185 Mich App 353,

357; 460 NW2d 900 (1990), citing *People v Downey,*
183 Mich App 405, 416; 454 NW2d 235 (1990).
Accordingly, we find that the trial court did not
abuse its discretion in sentencing defendant.
*Krause, supra,* p 359.

Defendant argues that his trial counsel rendered
ineffective assistance at sentencing because coun-
sel was under the illusion that the twenty-year
rather than the ten-year mandatory minimum
sentence was in effect at the time of sentencing.
However, the sentencing transcript clearly reveals
that defense counsel was aware that the ten-year
mandatory minimum was in effect. Defense coun-
sel argued for a ten-year minimum as opposed to
the twenty-year minimum sentence the prosecutor
was requesting. In addition, during the sentencing
proceeding, the prosecutor addressed the fact that
the mandatory minimum sentence was ten years.

Defendant further contends that his counsel was
ineffective because counsel did no investigatory
work pertaining to defendant's cooperation with
the authorities in reporting the murder contract
initiated by a fellow prisoner. Defendant explains
that his attorney merely stated on the record that
defendant cooperated with the authorities and, as
a result, the sentencing court referred to defen-
dant's "alleged" cooperation and the "alleged"
contract to kill. Defendant contends that the court
would have had substantial and compelling rea-
sons to depart from the mandatory minimum sen-
tence had it believed that defendant cooperated.
However, regardless of whether the trial court
believed defendant's claim, we have already found
that defendant's claim does not constitute substan-
tial and compelling reasons to depart from the
statutory minimum sentence. Therefore, defendant
has suffered no prejudice as a result of defense
counsel's "omission," and defendant's ineffective

assistance of counsel claim is without merit. *People v Gist,* 188 Mich App 610, 613; 470 NW2d 475 (1991).

Finally, defendant argues that the trial court actually resentenced defendant at the hearing on his motion for resentencing without the defendant being present. However, in its opinion regarding defendant's motion for resentencing and to correct judgment of sentence, the trial court merely noted that it had not previously articulated its reasons for defendant's sentences and proceeded to do so. This does not constitute resentencing. Therefore, defendant is not entitled to resentencing. See *People v Strunk,* 172 Mich App 208, 211; 431 NW2d 223 (1988).

Affirmed.

DOCTOROFF, C.J., concurred.

MICHAEL J. KELLY, J. *(dissenting).* I respectfully dissent. I believe that the trial court abused its discretion in admitting under MRE 404(b) the testimony concerning prior bad acts.

*People v Golochowicz,* 413 Mich 298; 319 NW2d 518 (1982), requires some special quality or circumstance of the bad act tending to prove the defendant's connection. The circumstances and the manner in which the charged offense and the other bad acts were committed need to be so nearly identical in method as to earmark the charged offense as the handiwork of the accused. Much more is demanded than the mere repeated commission of crimes of the same class, such as repeated burglaries or thefts. *Golochowicz, supra* at 310. The uncharged act and the crime in question need to be sufficiently alike or similar and involve characteristics so distinctive, unique, peculiar, or special as to justify an ordinarily reasonable juror

to infer that both were the handiwork of the same person. *Golochowicz, supra* at 312.

The uncharged offenses in this case are not so nearly identical in method as to earmark the charged offense as the handiwork of the accused. The testimony presented showed merely the repeated commission of crimes of the same class. Because *Golochowicz* requires more, the testimony concerning prior bad acts should not have been admitted at trial.

Further, I believe that defendant's obtaining of information while in the county jail and turning over two handwritten documents signed by an inmate attempting to solicit a murder was objective and verifiable information that was admissible to reduce defendant's sentence under *People v Windall Hill,* 192 Mich App 102; 480 NW2d 913 (1991).