PEOPLE v DiVIETRI

Docket No. 163923. Submitted March 8, 1994, at Grand Rapids. Decided April 6, 1994; approved for publication June 23, 1994, at 9:00 A.M. Leave to appeal sought.

James E. DiVietri pleaded guilty in the Eaton Circuit Court, Thomas S. Eveland, J., of possession of more than 225 grams but less than 650 grams of cocaine. As required by MCL 333.7403(2)(a)(ii); MSA 14.15(7403)(2)(a)(ii) and MCL 791.234(4); MSA 28.2304(4), the defendant was sentenced to twenty to thirty years of imprisonment without parole. The defendant moved for correction of sentence. The court ruled the defendant eligible for parole, determining that the mandatory penalty for the defendant's offense constituted cruel or unusual punishment under Const 1963, art 1, § 16 insofar as parole was prohibited. The defendant appealed, and the prosecution cross appealed.

The Court of Appeals *held:*

1. The statutorily mandated sentence did not strip the trial court of the ability to impose a proportionate sentence inasmuch as the trial court, at its discretion, could have imposed a sentence below the mandatory minimum in the presence of substantial and compelling reasons to do so. MCL 333.7403(3); MSA 14.15(7403)(3).

2. The statutorily mandated sentence for the defendant's offense is not cruel or unusual. *People v Bullock,* 440 Mich 15 (1992), which struck down the portion of MCL 791.234(4); MSA 28.2304(4) that denied parole consideration, is limited in application to cases of possession of more than 650 grams, MCL 333.7403(2)(a)(i); MSA 14.15(7403)(2)(a)(i).

3. The defendant's claim that he was denied effective assistance of counsel at sentencing cannot be reviewed meaningfully because the defendant failed to cite supporting authority for his claim and failed to move for a remand for an evidentiary hearing.

4. The trial court did not abuse its discretion in refusing to

REFERENCES

Am Jur 2d, Criminal Law § 539.

See ALR Index under Cruel and Unusual Punishment.

depart from the mandatory minimum sentence after finding no substantial and compelling reasons for such departure.

Affirmed in part and reversed in part.

CONTROLLED SUBSTANCES — SENTENCES — POSSESSION OF MORE THAN 225 GRAMS BUT LESS THAN 650 GRAMS OF COCAINE.

The mandatory sentence of not less than twenty years nor more than thirty years of imprisonment without parole for possession of more than 225 grams but less than 650 grams of cocaine is not cruel or unusual punishment under the state constitution (Const 1963, art 1, § 16; MCL 333.7403[2][a][ii], 791.234[4]; MSA 14.15[7403][2][a][ii], 28.2304[4]).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Jeffrey L. Sauter,* Prosecuting Attorney, and *William M. Worden,* Assistant Prosecuting Attorney, for the people.

*Reid & Reid* (by *Stuart R. Shafer*), for the defendant.

Before: SAWYER, P.J., and FITZGERALD and D. A. ROBERSON,* JJ.

PER CURIAM. Defendant was charged with possession of more than 650 grams of cocaine, possession with intent to deliver between 50 and 225 grams of cocaine, and conspiracy to deliver more than 225 but less than 650 grams of cocaine. Pursuant to a plea agreement, defendant pleaded guilty of possession of more than 225 grams but less than 650 grams of cocaine, MCL 333.7403(2)(a) (ii); MSA 14.15(7403)(2)(a)(ii). On August 22, 1991, defendant was sentenced to a prison term of twenty to thirty years.

Defendant subsequently filed, inter alia, a "motion for correction of sentence pursuant to MCR 6.429." On March 31, 1993, the trial court found that the mandatory sentencing provision of MCL

---

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

333.7403(2)(a)(ii); MSA 14.15(7403)(2)(a)(ii) is so grossly disproportionate as to constitute cruel or unusual punishment under Const 1963, art 1, § 16. The trial court then ruled that defendant is to be subject to the jurisdiction of the parole board and be eligible for parole consideration in accordance with MCL 791.234(4)(a)-(d),(5); MSA 28.2304(4)(a)-(d), (5).

On appeal, defendant argues that the trial court's remedy of permitting parole eligibility does not create constitutional proportionality. On cross appeal, the prosecutor argues that the trial court erred in permitting parole eligibility because the mandatory sentence for possession of more than 225 grams but less than 650 grams of cocaine does not constitute cruel or unusual punishment.

In regard to defendant's argument that statutorily mandated sentences strip the trial court of the ability to proportion a sentence to an individual defendant, we note that in *People v Williams,* 189 Mich App 400, 403-404; 473 NW2d 727 (1991), this Court held that legislatively mandated sentences are presumptively proportionate and valid.[1] Further, the trial court was not "mandated to sentence defendant to the maximum possible indeterminate sentence." The trial court had discretion to impose a sentence below the mandatory minimum sentence if presented with substantial and compelling reasons to do so. See MCL 333.7403(3); MSA 14.15(7403)(3).

Next, we address the prosecutor's argument that the trial court erred in finding MCL 333.7403(2)(a)(ii); MSA 14.15(7403)(2)(a)(ii) unconstitutional and ordering defendant eligible for parole consideration.

In *People v Bullock,* 440 Mich 15; 485 NW2d 866

---

[1] Judge FITZGERALD continues to adhere to his dissent in *Williams, supra.*

(1992), the Court held that the statutory penalty of mandatory life in prison without possibility of parole for possession of 650 grams or more of any mixture containing cocaine, MCL 333.7403(2)(a)(i); MSA 14.15(7403)(2)(a)(i), is so disproportionate as to be cruel or unusual. The Court struck down the portion of MCL 791.234(4); MSA 28.2304(4) denying parole consideration to persons convicted of possession of more than 650 grams. In limiting its decision to convictions for possession of more than 650 grams, the Court stated:

> We acknowledge that our decision today may have the effect of creating an arguable incongruity in the statutory scheme governing cocaine possession. The penalty for possessing 225 to 650 grams of cocaine is arguably more severe than the penalty for possessing 650 grams or more as modified by our decision today, in that the penalty for the former offense is a mandatory minimum sentence of twenty years in prison with no possibility of parole. MCL 333.7403(2)(a)(ii), 791.234(4); MSA 14.15(7403)(2)(a)(ii), 28.2304(4). On the other hand, the penalty for possessing 225 to 650 grams, unlike that for possessing 650 grams or more, permits a downward departure from the minimum sentence "if the court finds on the record that there are substantial and compelling reasons to do so." MCL 333.7403(3); MSA 14.15(7403)(3). In any event, the validity of the penalty for possession of 225 to 650 grams is not before us in this case. Furthermore, the Legislature remains free to modify the statutory scheme in response to our decision today, either prospectively or, in the case of any ameliorative modifications, both prospectively and retrospectively. See *People v Schultz*, 435 Mich 517; 460 NW2d 505 (1990). [*Bullock, supra* at 43, n 26.]

*Bullock* does not apply to the statutory provisions under which defendant was sentenced, but only to the provision calling for a mandatory

sentence of life imprisonment without parole for mere possession. Indeed, our Supreme Court has stated that the reasoning in *Bullock* is not applicable to controlled substance violations involving delivery. See, e.g., *People v Fluker,* 442 Mich 891 (1993); *People v Williams (After Remand),* 198 Mich App 537, 543; 499 NW2d 404 (1993); *People v Loy-Rafuls,* 198 Mich App 594; 500 NW2d 480 (1993), rev'd 442 Mich 912 (1993).

This Court has denied this exact challenge to the mandatory penalty provision of MCL 333.7403(2)(a)(ii); MSA 14.15(7403)(2)(a)(ii). See, e.g., *People v Hahn,* 183 Mich App 465, 471; 455 NW2d 310 (1989), rev'd in part on other grounds 437 Mich 867 (1991). Although *Hahn* was decided before *Bullock,* neither *Bullock* nor its progeny compel a different result. Thus, the order of the trial court is reversed insofar as it ruled MCL 333.7403(2)(a)(ii); MSA 14.15(7403)(2)(a)(ii) unconstitutional and ordered defendant eligible for parole consideration in accordance with MCL 791.234(4) (a)-(d), (5); MSA 28.2304(4)(a)-(d), (5).

Next, given the record before us, we are unable to grant meaningful review of defendant's argument that he was denied the effective assistance of counsel at sentencing. First, having failed to cite any authority in support of his position, defendant has abandoned this issue. *People v Hunter,* 202 Mich App 23, 27; 507 NW2d 768 (1993). Second, having failed to base his motion for resentencing on this ground, and having failed to move for a timely remand from this Court for an evidentiary hearing, we are left with a record on which the alleged deficiency in representation is not apparent. See *People v Stammer,* 179 Mich App 432, 441; 446 NW2d 312 (1989). To the contrary, the record demonstrates that both defense counsel and defendant affirmatively stated that they had re-

viewed the presentence report and that no corrections, additions, or deletions were necessary. The record also reveals that defense counsel did indeed advise the court of defendant's post-conviction accomplishments.

Last, defendant asserts that he is entitled to resentencing because the trial court failed to properly consider whether there were substantial and compelling reasons to support a downward departure from the mandatory minimum sentence. Although the trial court did not state specifically at sentencing that it did not find substantial and compelling reasons to justify a downward departure, the court's thorough explanation of the reasons for imposing the mandatory minimum reveal that the court considered and rejected a downward departure. Further, in a written opinion following defendant's motion for resentencing, the trial court specifically stated that "the court looked for substantial and compelling reasons to depart from the mandatory minimum sentence" but could not find a basis for doing so. We find that the trial court did not abuse its discretion in sentencing defendant. *People v Mouat,* 194 Mich App 482, 486; 487 NW2d 494 (1992).[2]

Affirmed in part and reversed in part.

[2] Contrary to defendant's assertion that the trial court relied on the prosecutor's argument that defendant had received already a sentencing bargain as the result of the plea agreement in refusing to depart from the mandatory minimum, we note that the trial court specifically stated: "The Court did not consider that defendant had already received the benefit of a plea bargain."