*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
December 13, 2024
8:39 AM

Plaintiff-Appellee,

v

No. 366760
Isabella Circuit Court
LC No. 2022-001141-FH

BENNIE PARKER IV,

Defendant-Appellant.

Before: GADOLA, C.J., and K. F. KELLY and REDFORD, JJ.

PER CURIAM.

Defendant appeals by leave granted[1] the trial court's sentence of 57 months to 20 years in prison for his guilty-plea conviction of one count of possession of methamphetamine. Finding no errors warranting reversal, we affirm.

## I. BASIC FACTS AND PROCEDURAL HISTORY

Defendant's guilty plea came after Mount Pleasant Police officers were dispatched to a house to investigate potential drug and child abuse. When the officers arrived, defendant physically resisted the officers' attempts to detain him. Eventually, defendant complied and was placed in handcuffs. During a search of defendant's person, the officers found two substances inside a cigarette pack in defendant's pocket, which were later determined to be methamphetamine and cocaine.

The prosecution initially charged defendant with assaulting, resisting, or obstructing a police officer, MCL 750.81d; possession of less than 25 grams of cocaine, MCL 333.7403(2)(a)(*v*); and possession of methamphetamine, MCL 333.7403(2)(b)(*i*). Under the plea agreement,

---

[1] *People v Parker*, unpublished order of the Court of Appeals, entered August 22, 2023 (Docket No. 366760).

defendant agreed to plead guilty to possession of methamphetamine, the other counts were dismissed, and the prosecution did not seek a habitual-offender sentencing enhancement.

After consideration of the advisory sentencing guidelines, the trial court determined that defendant's minimum sentencing guidelines range for his conviction was 29 to 57 months in prison. The court then imposed a sentence of 57 months' to 20 years' imprisonment, which was within the guidelines minimum sentence range. When imposing the sentence, the trial court stated that it believed sentencing defendant to prison for possession of methamphetamine was "a little more problematic" than doing so for delivering it. However, the trial court also stated that it felt compelled to sentence defendant to imprisonment because of defendant's extensive criminal record and his then-pending felony cases in two counties. This appeal followed.

## II. STANDARD OF REVIEW

"This Court reviews a trial court's sentencing decision for an abuse of discretion." *People v Sherrill*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 360133); slip op at 9. A sentencing court abuses its discretion when its sentence violates "the principle of proportionality" articulated in *People v Milbourn*, 435 Mich 630, 636; 461 NW2d 1 (1990). *People v Mason*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 367687); slip op at 2 (quotation marks and citations omitted). That principle requires that courts determine whether a sentence is "proportionate to the seriousness of the circumstances surrounding the offense and the offender." *Id*. (quotation marks and citations omitted). That is, the sentence must be reasonable and "proportionate to the seriousness of the matter." *Id*. (quotation marks and citations omitted).

## III. ANALYSIS

On appeal, defendant argues that his sentence violated the principle of proportionality because the trial court did not adequately take into account his issues with drug addiction, that the penalties for possession of methamphetamine in Michigan are unusually harsh, and that his sentence does not serve the core goals of sentencing. We disagree.

A sentence within the guidelines range is reviewed for proportionality. *People v Posey (On Remand)*, ___ Mich App ___, ___; ___ NW3d ___ (2023) (Docket No. 345491); slip op at 2. Such sentences are presumed proportionate, and it is the defendant's burden to overcome this presumption. *Id*. " 'An appropriate sentence should give consideration to the reformation of the offender, the protection of society, the discipline of the offender, and the deterrence of others from committing the same offense.' " *Id*., quoting *People v Boykin*, 510 Mich 171, 183; 987 NW2d 58 (2022).

> In regard to proportionality, the *Milbourn* Court observed that the Legislature has determined to visit the stiffest punishment against persons who have demonstrated an unwillingness to obey the law after prior encounters with the criminal justice system. The premise of our system of criminal justice is that, everything else being equal, the more egregious the offense, and the more recidivist the criminal, the greater the punishment. [*People v Purdle (On Remand)*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 353821); slip op at 5 (quotation marks and citations omitted).]

Defendant first argues that his sentence is disproportionate because the trial court inadequately weighed his methamphetamine addiction. This argument is unconvincing. Contrary to defendant's contention, the trial court considered defendant's addiction by acknowledging that prison sentences for *possession* of methamphetamine are "a little more problematic" than prison sentences for *delivering it*. The court declined to double defendant's sentence, in part, on the basis that defendant had possessed but not intended to sell the methamphetamine. Regardless, it is inconsequential that the court's consideration was arguably somewhat brief. See *People v Barnes*, 332 Mich App 494, 507; 957 NW2d 62 (2020) ("[T]rial courts are not required to expressly or explicitly consider mitigating factors at sentencing."). Thus, minimal consideration and rejection of mitigating factors is satisfactory, and the weight given to defendant's drug addiction by the trial court was adequate. See *id*.

Defendant next argues that his sentence is "likely" disproportionate because Michigan's penalties for methamphetamine possession are unusually harsh.[2] Defendant, however, does not explain why—or provide any authority for the proposition that—other states' sentencing regimes have any bearing on the proportionality of defendant's sentence in Michigan. The argument is, therefore, abandoned. See *People v DiVietri*, 206 Mich App 61, 65; 520 NW2d 643 (1994) ("[H]aving failed to cite any authority in support of his position, defendant has abandoned this issue."). But even if not abandoned, the argument lacks merit. The sentencing regime for possession of methamphetamine in Connecticut, for example, has no bearing on whether defendant's sentence is proportionate because "[t]he principle of proportionality requires that every sentence be tailored to the individual defendant . . . ." *People v Copeland*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 363925); slip op at 3.

Lastly, defendant argues that his sentence is disproportionate because it does not advance the core goals of sentencing. We disagree. Defendant argues that, because the only danger from defendant's offense alleged was his possession of a knife and the general dangers of drug use, the issue of public safety does not support his sentence. This argument is unpersuasive.

First, defendant argues that a drug addict's addiction makes obtaining the drug they are addicted to almost compulsory and, consequently, addicts often engage in various crimes to obtain drugs to satisfy their addiction.[3] In this case, defendant placed his hand on a knife and physically struggled with officers as they attempted to detain him. And defendant's criminal history is replete with convictions for violent offenses. Therefore, on the basis of defendant's criminal history, it was reasonable for the trial court to conclude that public safety necessitated defendant's incarceration.

Defendant also argues that his sentence will not promote general deterrence. We disagree. Defendant's sentence may convince him, and others like him, to recognize the untenable nature of

---

[2] Defendant concedes in his brief that he only surveyed "the first ten states alphabetically . . . ."

[3] Defendant supports this argument by citing an academic article that was not presented to the trial court, and this Court will not consider evidence outside of the record. See *Serges*, ___ Mich App at ___; slip op at 19 (stating that a defendant cannot support a claim by referencing documents outside the lower court record).

their behavior and to seek treatment for their addiction. Further, defendant's sentence is also supported by the need to deter and "discipline" him. *Posey (On Remand)*, ___ Mich App at ___; slip op at 2. "The premise of our system of criminal justice is that, everything else being equal . . . the more recidivist the criminal, the greater the punishment." *Purdle (On Remand)*, ___ Mich App ___; slip op at 5 (quotation marks and citations omitted.

Third, defendant argues that his sentence does not take into account the goal of rehabilitation. This argument is meritless. The trial court implicitly acknowledged the likelihood that sentencing defendant to prison for mere methamphetamine possession was not ideal for rehabilitation. However, the trial court also felt that defendant's extensive prior criminal history and his then-pending felony cases compelled it to sentence defendant to a term of imprisonment. "[T]he Legislature has determined to visit the stiffest punishment against persons who have demonstrated an unwillingness to obey the law after prior encounters with the criminal justice system." *Purdle (On Remand)*, ___ Mich App ___; slip op at 5 (quotation marks and citations omitted). Therefore, the trial court did properly consider defendant's rehabilitation and other relevant factors. The trial court simply weighed competing values—rehabilitation versus deterrence and discipline—and concluded that the latter two were weightier in this case. Consequently, defendant's sentence is supported by the core goals of sentencing.

Affirmed.

/s/ Michael F. Gadola
/s/ Kirsten Frank Kelly
/s/ James Robert Redford

-4-